## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ALVIN PARKER,                 )
                                   )
            Plaintiff,         )
                                   )
v.                                 )    Case No. CIV-21-1168-D
                                 )
SCOTT CROW, Director,        )
Oklahoma Department of Corrections,   )
                                 )
           Defendant.      )

## O R D E R

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Suzanne Mitchell on December 22, 2021, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   Judge Mitchell finds that Plaintiff is ineligible to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915 because he is subject to the three-strikes provision of § 1915(g) and does not allege sufficient facts to satisfy the exception, that is, to show he "is under imminent danger of serious physical injury."   *See* 28 U.S.C. § 1915(g).   Judge Mitchell therefore recommends the denial of Plaintiff's Application for Leave to Proceed *in Forma Pauperis* [Doc. No. 3] and the dismissal of this action unless Plaintiff pays the full filing fee.

Plaintiff, a state prisoner appearing *pro se*, has filed a timely Objection [Doc. No. 11].   Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge."   *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Upon examination of the Objection, which is liberally construed, the Court finds that Plaintiff objects only to Judge Mitchell's finding that he has not satisfied the exception of § 1915(g) by making specific allegations of an imminent danger of serious physical injury.[1]   All other objections to the R&R are waived.   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court fully concurs in Judge Mitchell's findings and conclusions.   This is Plaintiff's second attempt to pursue the claim asserted in his Complaint, that is, the Oklahoma Department of Corrections denied him access to the courts by failing to make a timely disbursement from his institutional account to pay the filing fee for an appeal to the United States Supreme Court, causing the appeal to be dismissed.   Plaintiff first filed this claim in September 2021.   *See Parker v. Crow*, Case No. CIV-21-869-D, Compl. (W.D. Okla. Sept. 2, 2021).[2]   The Court found in the September 2021 case that Plaintiff failed to

---

[1]   Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but cannot act as his advocate.   *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]   Although unclear from Plaintiff's allegations, the filing fee was needed to take an appeal to the Supreme Court in a civil rights action that Plaintiff had brought in 2019 claiming that Defendant denied him access to the courts by failing to provide sufficient legal resources to file a petition for certiorari in booklet format (a requirement the Supreme Court imposed on Plaintiff, unlike other *pro se* prisoners, due to his frequent-filer status in that court).   *See Parker v. Allbaugh*, Case No. CIV-19-398-D, 2019 WL 6012854 (W.D. Okla. Nov. 14, 2019), *aff'd*, 844 F. App'x 75 (10th Cir. 2021).   The appeal allegedly lost for failing to file a properly formatted petition was a habeas corpus action seeking Plaintiff's release from custody due to a statutory change that, he believed, affected his 199-year prison sentence.   *See Parker v. Allbaugh*, Case No. 18-CV-0232-JED-FHM, 2018 WL 5260028 (N.D. Okla. Oct. 22, 2018), *appeal dismissed*, No. 18-5115 (10th Cir. Jan. 16, 2019).

"allege any circumstance that might constitute imminent danger of physical injury" (*id.* 10/20/21 Order), and subsequently dismissed the case without prejudice due to Plaintiff's failure to pay the filing fee.   *See id.* 12/13/21 Order.

Shortly before the dismissal (but after the Court denied a motion to reconsider its order requiring payment), Plaintiff initiated this second case by refiling his Complaint in December 2021 with added allegations attempting to satisfy the § 1915(g) exception. Plaintiff alleges generally that Defendant engaged in a "pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *See* Compl. [Doc. No. 1] at 9, 10. He alleges specifically that Defendant's conduct regarding prior cases and Supreme Court appeals caused Plaintiff to suffer "physical and emotional stress" that "induced a stroke in February 2021" and that "[t]he deprivation of Plaintiff's right of access to the U.S. Supreme Court has and will again cause Plaintiff to have a stroke."   *Id.* at 10.

In his Objection, Plaintiff asserts that Judge Mitchell overlooked or failed to credit these allegations.   Plaintiff contends he has presented sufficient "support for his assertions that the deprivation of his right to access the Supreme Court 'has and will cause strokes.'" *See* Obj. at 3.   Plaintiff points to allegations that Defendant has repeatedly prevented him from seeking Supreme Court review – which previously resulted in the loss of a meritorious habeas claim (*see supra* note 1) and caused a February 2021 stroke – to show a pattern of misconduct by Defendant that causes Plaintiff to suffer stress and places him at risk for another stroke.

The Court cannot add significantly to Judge Mitchell's statement of the legal standard governing the imminent danger exception of § 1915(g) and the reasons why

Plaintiff's allegations fail to satisfy this standard.   The Court writes separately only to emphasize that, accepting the alleged fact that Plaintiff had a stroke in February 2021, it occurred before he attempted to make the Supreme Court filing that is the subject of his current Complaint, and it occurred long after an attempted Supreme Court filing in 2019 that was the subject of his prior civil rights case.   There is no apparent connection between any interference with Plaintiff's access to the Supreme Court and Plaintiff's stroke.   More importantly, however, Plaintiff does not allege that Defendant was engaged in any misconduct in December 2021 that would place Plaintiff under imminent danger of another stroke or any other serious physical injury.

For all these reasons, the Court finds that Plaintiff has failed to satisfy the exception of § 1915(g) and that he must pay the full filing fee for this action.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED** in its entirety.   Plaintiff's Application for Leave to Proceed *in Forma Pauperis* [Doc. No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $402.00 filing fee in full to the Clerk of this Court within 30 days from the date of this Order or this action will be dismissed without prejudice pursuant to LCvR3.3(e).

**IT IS SO ORDERED** this 19th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge